**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

QAHTAN M. AL-KABASH                                                                                          PLAINTIFF

v.                                                      No. 5:10CV00004 JLH

ALI BA SHAAR                                                                                                     DEFENDANT

**OPINION AND ORDER**

Qahtan M. Al-Kabash commenced this action against Ali Ba Shaar for alleged violations of Arkansas's Uniform Partnership Act, Ark. Code Ann. § 4-26-101, *et al.* In the alternative, Qahtan M. Al-Kabash asks the Court to impose a constructive trust under the doctrine of joint venture or award damages for breach of contract, conversion, fraud, or unjust enrichment. The plaintiff invokes jurisdiction pursuant to 28 U.S.C. § 1332 as he is a citizen of Tennessee, the defendant is a citizen of Arkansas, and the amount in controversy exceeds $75,000. On February 10, 2010, Qahtan M. Al-Kabash filed a motion for partial summary judgment to which Ali Ba Shaar has responded. The motion is ripe for adjudication. For the following reasons, the Court denies the plaintiff's motion for partial summary judgment.

**I.**

Based on the parties' pleadings and affidavits, the Court is certain of very few facts in this case. What is certain is that, in 2007, the plaintiff owned a convenience store in Jackson, Tennessee. In 2008, the plaintiff went with the defendant to Pine Bluff, Arkansas, for the purpose of opening the Family Market convenience store at 3402 Old Warren Road. The plaintiff helped negotiate a ten-year lease between his friends, Naji Al Badani and Ahmed Alkoshi, who owned the property located at 3402 Old Warren Road, and the defendant. Pursuant to the lease, the defendant agreed to pay

$1,500 in cash up front, to assume responsibility for certain repairs and improvements to the property, to pay $1,500 per month from December 2008 through April 2009, and to pay $2,000 per month thereafter. (Def.'s Br. at 11.) Robert Morehead, counsel for Naji Al Badani and Ahmed Alkoshi, prepared the lease, and on May 6, 2008, Naji Al Badani, Ahmed Alkoshi, and the defendant executed the lease in Morehead's office in Pine Bluff, Arkansas. (*Id.* at 12, 14.) On May 8, 2008, the defendant wrote a check to Cox Fixture and Refrigeration, Inc., for $2,160 to install shelving on the property. (*Id.* at 18-19.) On May 13, 2008, the defendant wrote another check to Cox Fixture and Refrigeration, Inc., for $4,428 for further improvements to the property. (*Id.* at 16-17.)

The plaintiff contends that he, the defendant, and a third party, Wajdi Ali Al-Kabash, entered into an express oral partnership agreement to open the Family Market. According to the plaintiff, each partner was a one-third owner of the business, and the partners were to share equally in any profits or losses generated by the business. The plaintiff argues that the only reason he did not sign the lease was that he was out of town when the lease was executed. The plaintiff also argues that he made personal investments in the partnership, which included making lease payments of $1,500 per month, spending $1,500 on improvements to the property, paying $7,000 for equipment and fixtures, contributing some of his own equipment to the business, and paying $800 to vendors such as Coke and Pepsi. The plaintiff alleges that, in August 2008, the defendant informed the plaintiff and Wajdi Ali Al-Kabash that he wanted to "buy them out" of the partnership and agreed to pay them each $25,000 in order to do so. The plaintiff further alleges that, when the defendant failed to pay them, the plaintiff and Wajdi Ali Al-Kabash went to the Family Market to talk to the defendant. According to the plaintiff, the defendant became hostile, and the plaintiff and Wajdi Ali Al-Kabash agreed to leave the store in exchange for the defendant's promise to pay them each $25,000 within

thirty days.  Approximately two weeks later, the defendant paid Wajdi Ali Al-Kabash $25,000.  To date, the defendant has not paid the plaintiff.

The defendant tells a much different story.  He contends that the plaintiff was never a partner in the Family Market.  The defendant also alleges that he had invested $15,000 in the plaintiff's business in Jackson, Tennessee, which did not materialize, and as a result, the plaintiff was indebted to him.  According to the defendant, the plaintiff went with him to Pine Bluff, Arkansas, to help the defendant start his own business as a means of repaying his debt to the defendant.  The defendant denies that the plaintiff ever invested any money in the Family Market's business.  The defendant concedes that he paid Wajdi Ali Al-Kabash $25,000.  In his answer to the original complaint, the defendant alleges that Wajdi Ali Al-Kabash was a partner in the Family Market, and the defendant paid $25,000 to buy his ownership interest.  In his response to the motion for summary judgment, the defendant alleges that Wajdi Ali Al-Kabash was not a partner in the Family Market, and the money was instead a repayment for a debt that he owed to Wajdi Ali Al-Kabash's father, Ali Al-Kabash.

## II.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005).  The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  If the moving party

meets its burden, the nonmoving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*' " *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). A genuine issue exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

### III.

The plaintiff alleges that he is entitled to summary judgment on his breach of partnership claim. Should the Court find that no partnership existed between the parties, the plaintiff seeks summary judgment for one of the following: breach of a joint venture, breach of contract, conversion, fraud, or unjust enrichment.

According to the Arkansas Code, "A partner may maintain an action against the partnership or another partner for legal or equitable relief . . . [to] enforce the partner's rights . . . ." Ark. Code Ann. § 4-46-405(b) (2010). Such rights include an equal share of the partnership profits, equal management of the partnership business, and use or possession of the partnership property on behalf of the partnership. *Id.* § 4-46-401(b), (f), (g). A partnership is "an association of two (2) or more persons to carry on as co-owners a business for profit." *Id.* § 4-46-101(6). In *Rigsby v. Rigsby*, the Arkansas Supreme Court stated that "the primary test of a partnership between the parties is their actual intent to form and operate a partnership." 346 Ark. 337, 342, 57 S.W.3d 206, 210 (2001). Thus, the threshold question to be decided by this Court is whether the plaintiff and defendant intended to form and operate the Family Market as a partnership. *See id.*

The plaintiff contends that there is no genuine issue of material fact as to whether he and the defendant intended to form and operate a partnership. To support his contention, he offers the

4

affidavits of Ali Al-Kabash, the father of Wajdi Ali Al-Kabash; Naji Al Badani and Ahmed Alkoshi, the owners of the leased property in Pine Bluff, Arkansas; three individuals who sold goods to the Family Market; and two other individuals in the community. All eight affidavits attest that the plaintiff and the defendant held themselves out to members of the community as partners. However, representations made to third parties, while relevant in suits brought by third parties,[1] do not dictate whether a partnership agreement exists between opposing parties to a lawsuit. Here, the defendant expressly states in an affidavit that he did not enter into a partnership with the plaintiff when he opened the Family Market. He points out that he is the sole lessee of the property where Family Market is located.[2] He also explains that the plaintiff, Ali Al-Kabash, and Wajdi Ali Al-Kabash are relatives; Naji Al Badani and Ahmed Alkoshi are close friends of the plaintiff. Robert Morehead, the attorney who prepared the lease, had no knowledge that anyone other than the defendant would own Family Market or lease the premises. After leasing the property, the defendant spent more than $6,500 from his checking account on improvements and repairs to the property in order to make it ready for business.

---

[1] Arkansas recognizes the doctrine of partnership by estoppel in suits brought by third parties. *See Chavers v Epsco, Inc.*, 352 Ark. 65, 70, 98 S.W.3d 421, 424 (2003) ("We have long recognized the doctrine of partnership by estoppel.") Under that doctrine, "they who hold themselves out to the world as partners in business or trade, are to be so regarded *quoad* creditors and third persons; and the partnership may be established by any evidence showing that they so hold themselves out to the public, and were so regarded by the trading community." *Id.*

[2] He alleges that Wajdi Ali Al-Kabash's signature, which does not appear on the attached lease, appeared on another copy of the lease after the lease was executed and without his permission.

The affidavits are in direct conflict as to whether the plaintiff and the defendant entered into a partnership agreement. Therefore, there is a genuine issue of material fact that precludes entry of summary judgment.

## CONCLUSION

For the reasons stated above, the plaintiff's motion for summary judgment is DENIED. Document #4.

IT IS SO ORDERED this 15th day of April, 2010.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE